JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5124-GHK (FFMx) | Date | July 6, 2012 |
|---|---|---|---|
| Title | *Nationstar Mortgage LLC v. Caesar Morales, et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order Remanding Case**

On June 20, 2012, we ordered Defendant Maria Rodriguez ("Defendant") to show cause ("OSC") why this unlawful detainer action should not be remanded to the state court from which it was removed. We noted that the Notice of Removal ("NOR") asserts that we have jurisdiction based upon diversity of citizenship.  However, we found no basis for Defendant's assertion that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000 because in unlawful detainer cases, the right to possession – not title to the property – is at issue, and thus the amount in controversy is determined by the damages sought by the Complaint.  *See Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, at *2 (C.D. Cal. Feb. 9, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)).   We also noted that the Complaint clearly states that the damages sought by Plaintiff do not exceed $10,000.  As such, we stated that there did not appear to be diversity jurisdiction in this case.

On July 2, 2012, Defendant responded to our OSC.  Her response confirms that she is "not claiming title issues but [she is] claiming a RIGHT TO POSSESSION."  (Response ¶ 2).  She states that a chart from the Los Angeles City Council that authorizes a Tenant Relocation Assistance Program for evicted tenants "puts [Defendant and her family] as over $75,000."  (*Id.* ¶ 4).  The chart referenced by Defendant, and attached to her response, in no way demonstrates that her right to possession is valued at greater than $75,000.  Rather, it sets forth tenant relocation assistance that tenants being evicted can obtain if they meet certain income criteria.  Moreover, even if the tenant relocation assistance amounts set forth in the chart were at all relevant to determining the value of Defendant's right to possession, the assistance appears to max out at $18,300.  As such, this chart provides no support for Defendant's assertion that the damages sought by Plaintiff exceed more than $75,000.  Defendant has not demonstrated that diversity jurisdiction exists in this case, and she therefore has failed to show cause why this action should not be remanded.  Accordingly, this case is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5124-GHK (FFMx) | Date | July 6, 2012 |
|---|---|---|---|
| Title | *Nationstar Mortgage LLC v. Caesar Morales, et al.* | | |

  :  

Initials of Deputy Clerk   IR for Bea